**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case Number: _____-CIV-_____

**RAYMOND T. MAHLBERG,**

    **Plaintiff,**

**v.**

**SPANISH CONNECTION LLC, Dba NORKINAS**

    **Defendant.**

_____/

## COMPLAINT FOR PERMANENT INJUCTIVE RELIEF

**COMES NOW**, Plaintiff Raymond T. Mahlberg ("Plaintiff "or "Mahlberg"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

### INTRODUCTION AND NATURE OF THE ACTION

1. This Court has jurisdiction over this case based on federal question jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using his computer. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. In the statutory text, Congress determined that "individuals with disabilities continually encounter various forms of discrimination," including "communication barriers". 42 U.S.C. § 12182(a).

4.Defendant's adjunct website https://www..com/ and specifically the Florida website https://www.norkinas.com/ (the "Website" or Defendant's website) is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in SPANISH CONNECTION LLC ("Defendant" or "NORKINAS") policies, practices and procedures so that Defendant's website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

5. Throughout the ADA, "auxiliary aids and services" refers to techniques and devices to overcome barriers in communicating with people who have visual and hearing impairments, among other things. See 42 U.S.C. 12103(1).

6. Implementing these provisions, see 42 U.S.C. § 12186(b), the Attorney General's Title III regulations require public accommodations to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulations specifically list "screen reader software," "magnification software," and "accessible electronic and information technology" as among the auxiliary aids that the statute requires. 28 C.F.R. § 36.303(b)(2).

7. Plaintiff is sui juris, and he is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").  Defendant's failure to design, construct, maintain, and operate its website https://www.norkinas.com/ to be fully and equally accessible to and independently usable by Plaintiff, constitutes in Defendants' denial of full and equal access to its website, and therefore denial of its products and services offered thereby in conjunction with its physical location(s), resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

8. Defendant's website https://www.norkinas.com/ (the "Website" or Defendant's website). Defendant owns and operates the website and NORKINAS stores that are located in Florida.

9. Plaintiff Raymond T. Mahlberg, a blind veteran of the U.S. military, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court. 8. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

10. Plaintiff cannot use his computer and mobile device browser without the assistance of appropriate and available screen reader software to understand websites.

11. Defendant's Website contains digital source code barriers where screen-readers for the blind do not work.

12. This case arises out of the fact that Defendant SPANISH CONNECTION has operated its business in a manner and way that effectively excludes individuals who are visually

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

3

impaired from access to Defendants' NORKINAS website based upon Defendant's failure to provide auxiliary aids and services for effective communications.

10. Plaintiff seeks injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Plaintiff, a legally blind person, is impeded to access and communicate with Defendant effectively and timely such that allowing access to Defendants' various business locations; as such impediment as rendered Defendants' physical places of accommodation not fully accessible to the visually impaired.

12. Plaintiff has attempted to access Defendant's Website in the past and intends to continue to attempt to access Defendant's Website https://www.norkinas.com.

13. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website https://www.norkinas.com/, Plaintiff will continue to be denied full access to the NORKINAS website.

## JURISDICTION AND VENUE

15. Venue is proper in the Southern District of Florida, since Defendant's headquarter is located in Miami, Florida, where Defendant operates and make decisions affecting the company and website policy and procedures. Plaintiff often goes to Miami, where a substantial part of the events giving rise to the claims occurred in the Southern District of Florida. Pursuant to 28 U.S.C. §1391(b). Personal jurisdiction exists when the Defendant purposefully availed itself of the conducting activities within the forum State.

16. Plaintiff's claims asserted herein arose in this judicial district.

17. Plaintiff is a resident of Orlando, FL 32817. Plaintiff was told that there are several NORKINAS stores near his home.

18. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendants' business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

19. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's website in Orange County and Dade County, Florida. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website. Plaintiff would like to become Defendant's patron and access the Defendant's website in the near future but the barriers Plaintiff encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and-mortar stores. Defendant SPANISH CONNECTION is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## **THE PARTIES**

20. Plaintiff Mahlberg, is a resident of the State of Florida. Plaintiff, resides within the Middle judicial district, is *sui juris*, who is legally blind, and a member of a protected class under the ADA. Whereby, he has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42

U.S.C. 3602, §802(h). Plaintiff suffered an assault to the back of his head in 2004 which caused damage and atrophy of the optic nerve, and as a consequence, is legally blind. Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, he has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104.

21. Plaintiff cannot use the computer without the assistance of a screen reader software. Mahlberg is a proficient user of the JAWS screen-reader to access the internet." JAWS, or "Job Access With Speech," is the most popular screen reading software for Windows-based computers. For screen-reading software to work, the information on a website or on a mobile application must be capable of being rendered into text. Usually, this means that graphics and embedded hyperlinks must include alternative text (known as "alt-text")—a description of the image that appears when a cursor floats over it or screen-reading software detects it.

21. Defendant is SPANISH CONNECTION is a Limited Liability.  Defendant is the owner and operator of a chain of stores under the brand name NORKINAS. There are 4 Norkinas' stores in Florida. Defendant has stores located at the Aventura Mall, Dadeland Mall, and Dolphin Mall.

22. Upon information and belief, at all times material hereto, Defendant SPANISH CONNECTION. owns, operates, and/or manages the day-to-day affairs and stores of NORKINAS, which are operating within Dade County in the State of Florida.

23. Plaintiff believes, and thereon alleges, that defendants SPANISH CONNECTION (NORKINAS) are corporate actively engaged in the shoe industry in South Florida.

24. Plaintiff is further informed that said companies are organized and existing under, and by virtue of, the laws of the state of Florida, with their headquarters and principal corporate offices located in Miami. Said Defendant entities will hereinafter collectively be referred to as "NORKINAS" "the Defendant Company" or, where appropriate, "Defendants."

## FACTS

25. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

26. Each of Defendant's NORKINAS stores are open to the public and each is a place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

27. NORKINAS stores offer for sale to the general public fashion items including, but not limited to: shoes, sunglasses, watches and accessories.

28. Defendant has control over its website and manages/operates his web pages, including image and data content. Defendant owns and operate the domain name https://www.norkinas.com/ that is configured for use by mobile devices such as smartphones, as well as regular computer laptops and desktops to access Defendant's website.

29. One of the functions of Defendant's website (available in mobile or computer version) is to provide the public information on the various locations of Defendant's stores that sell merchandise. The other function of the website is to sell Defendant's merchandise.

30. Defendant's Website is offered by Defendant as a way for the public to communicate with NORKINAS merchandise. Defendant's Website also permits the public to register and create an account allows the general public to make a shopping list on-line (for in-store pick up), provides information on its NORKINAS shoes, and (among other things) provides: product information, purchase online, store location, and other services.

31. Defendant, NORKINAS provides a website, where the customer can register, create an account and an unique ID is associated to that customer.

32. The Website is an integral part of the goods and services offered by Defendant's store, because website and physical stores are heavily integrated, since the website allows the public the ability to locate Defendant's stores and retail locations and sells merchandise.

33. Further, The Defendant's Website is offered to provide the general public information, offering exclusive deals. By this nexus, between the store and the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(E) of the ADA.

34. Plaintiff is a customer of NORKINAS brand merchandise through his internet inquiries, and his intent to every week buy shoes and accessories. Plaintiff then learned there are some NORKINAS's stores in his area.

35. As a result of Plaintiff being legally blind, before he embarks on any venture from his home, he studies the location where he is seeking to patronize through using the internet. In the case of Plaintiff's investigation of NORKINAS's store locations, Plaintiff went to

defendant's Website to learn (1) how to navigate to and from NORKINAS's store locations; (2) shoes cost, (3) times and dates of operation NORKINAS's stores in his area so Plaintiff can arrange transportation with the intent of purchasing NORKINAS's shoes and accessories merchandise, (4) and the exclusive online deals in the NORKINAS' website, (5) privacy policy (6) accessibility notice and assistance.

36. Like most consumers, Plaintiff accesses numerous websites at a time to compare merchandise and prices, sales, discounts, and rewards programs. Plaintiff may look at several dozens of sites to compare features, models, quality and prices.

37. During the plaintiff's several visits to the website using JAWS (computer) and Voiceover (mobile) occurring in **September 30, 2019** and the last in **November 5, 2019**, the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the facilities, goods, and services of the website, as well as to the facilities, goods, and services of Defendant's locations in Orlando Florida (near Plaintiff's home).

38. Plaintiff was impeded to patronize NORKINAS stores by Plaintiff being unable to learn about NORKINAS location addresses, hours, shoe merchandise available for purchase, and the ability to create an online account, read the Return and Privacy Policy, among other things readily available to sighted individuals.

39. Plaintiff also intended to use NORKINAS Website in order to purchase Wellness products (https://www.norkinas.com/shop). However, when Plaintiff went online to purchase and register his account, he was unable to complete the transaction. Neither locate an NORKINAS store near him.

40. Plaintiff called Defendant NORKINAS store to inquire about shoes selection and find the nearest store location, nearby Plaintiff's home. However, Defendant's representative failed to fully assist Plaintiff and referred him to its Website.

41. Plaintiff called Defendant to inquire about shoes and accessories available for purchase at the NORKINAS's store in the South Florida area. However, Defendant's representative failed to fully assist Plaintiff and referred him to its Website.

42. Following communications with Defendant's representative, Plaintiff attempted to utilize Defendant's Website as instructed by Defendant's representative.

43. Defendant's Website was inaccessible, so Plaintiff could not (among other things):

   a. Find out about NORKINAS's shoes and accessories to purchase online;

   b. Shop and purchase NORKINAS's deals and online offer,

   c. Learn about the NORKINAS's merchandise since Plaintiff buys shoes in a regular basis, for the purpose of picking up at the nearest NORKINAS's store to Plaintiff's home.

   d. Plaintiff attempted to locate an "Accessibility Notice" on Defendant's mobile and computer website which would direct him to a webpage with contact information for disabled individuals who have questions, concerns, or who are having difficulties communicating with the business. However, Plaintiff was unable to do so because no such link or notice was provided on Defendant's website.

## AMERICAN WITH DISABILITIES ACT

44. The failure to access the information needed precluded Plaintiff's ability to patronize NORKINAS stores because, as a blind individual, Plaintiff needs to plan his outings out in

detail in order to have the proper financing for a venture, and insure that he arrives at a given location.

45. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "sale establishment." Id. § 12181(7)(E). Defendant SPANISH CONNECTION owns and operates a shoe store, the NORKINAS fashion-shoe store.

46. Technology evolves, in these days, consumers are doing most of their shopping online. Defendant's provision of a Website with online shopping is an essential part of the services offered, and is no different than the customer service to the public as part of NORKINAS stores services, privileges and benefit to the public.

47. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

48. By this nexus, the website https://www.norkinas.com is characterized as an intangible service, privilege and advantage provided by NORKINAS a place of Public Accommodation (NORKINAS's stores) as defined under the ADA, and thus its website is an extension of NORKINAS services, privileges and advantages made available to the general public by Defendant through its retail brick and mortar stores.

49. Defendant's Website is not designed with consideration for WCAG, Accessible Rich Internet Applications (*ARIA*) software language and Universal design[2]. Universal design is

---

[2] Following **universal design** principles in creating a **website** provides access to all users regardless of their abilities, their disabilities, or the limitations of their equipment and software. Washington University. "Universal design is the

11

necessary so visually impaired individuals who use screen reader software can access the Website.

50. Plaintiff's expectation of participating in NORKINAS website, services and privileges was eliminated since he could not access Defendant's https://www.norkinas.com website at all to avail himself of the latest services which Defendant offers to the public.

51. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website https://www.norkinas.com.

52. Plaintiff would like to become Defendant's patron and access the Defendant's website in the near future but the barriers Plaintiff encountered on Defendant's https://www.norkinas.com website and mobile application have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

53. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the electronic pages contained therein, left Plaintiff excluded from accessing NORKINAS merchandise, goods and services available from Defendant and further left him with the feeling of **segregation, rejection, isolation**, and **unable to participate** in his own business affairs (such as in this case purchasing organic groceries and wellness products) in a manner equal to that afforded to others who are not similarly disabled.

54. Plaintiff's inability to fully use Defendant's Website and the mobile application therein has hindered, impeded and inhibited Plaintiff's access to Defendants physical store

---

design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design." Kalbag, Laura (2017).

locations. Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

55. Plaintiff cannot make proper arrangements for transportation of himself to the NORKINAS's store near Plaintiff's home, without the ability to know in advance the NORKINAS's merchandise, goods and services which service is available online through Defendant's Website. Plaintiff also faces a great degree of uncertainty of how to physically travel to Defendant's NORKINAS's store location in South Florida, Plaintiff is effectively denied the ability to physically travel to Defendant's NORKINAS's store.

56. Plaintiff has a concrete plan to purchase NORKINAS's shoe merchandise when he is treated like other members of the public. Consequently, the Plaintiff is unable to determine the cost of Defendant's goods and services, including becoming informed about the NORKINAS's brand merchandise available for purchase.

57. By denying Plaintiff the opportunity to comprehend NORKINAS Website and mobile application therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

58. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

59. On information and belief, Defendant has not offered any form of website and mobile application in an accessible format for blind or visually impaired individuals.

60. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

61. All Public Accommodations must insure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

62. On information and belief, Defendant is aware of the common access barriers and barriers to effective communication within its Website therein which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

63. Defendant and alike retailers are fully aware of need to provide full access to all visitors to its Website as Department of Justice published several communications stating that the website is an auxiliary-aid of the physical stores and must be accessible. (*September 25, 2018 letter from Assistant Attorney General) and Title III ADA 28 C.F.R. § 36.303.*

64. Binding case law increasingly recognize that private entities are providing goods and services to the public through the websites that operate as places of Public Accommodation under Title III.

65. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

66. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

67. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

68. The Website is also a p*lace of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E) as the public is able to purchase NORKINAS merchandise online through the Website (which meets the definition of "sales establishment").

69. The Department of Justice has provided useful guidance regarding website accessibility under the ADA, and the binding and persuasive case law in this district has applied the Web Content Accessibility Guidelines ("WCAG") 2.0 or 2.1 to determine accessibility.

70. Types of website source-code programming errors include (but are not limited to) source-code errors which are easily identifiable which are prone to making the website inaccessible, that create empty headings and text fields that create confusion for a user that rely on the "TAB" key to navigate a web page.

71. A sampling review of just part of it revealed that the Website is not functional for users who are visually impaired. The Website contains several types of errors, easily identifiable and correctable, which occur throughout the Website such as:

   a. All image elements must have an alt attribute. WCAG 2.0 A F65

   b. Each a element must contain text or an img with an alt attribute. WCAG 2.0 A F89

   c. All fields in a group of input fields (for example phone numbers) need a label. WCAG 2.0 A F86

   d. All onclick handlers should have an equivalent onkeypress handler. WCAG 2.0 A

   e. Button elements containing only an img must have an alt attribute on the img WCAG 2.0 A F65

    f.   Content inserted with CSS is not read by some screen readers, and not available to people who turn off style sheets. WCAG 2.0 A F87

72. More violations may be present on webpages of the Website, and they will be determined and proven through the discovery process and expert audit.

73. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

74. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant NORKINAS.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

75. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards.

76. Defendant's Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

77. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the https://www.norkinas.com website which is defined within §12181(7)(E), and is subject to the ADA.

78. In addition, Defendant's representatives within its store locations have referred customers to Defendant's Website. By Defendant's representatives referring the public

/visually impaired individuals to its Website for basic information needed to shop at a NORKINAS store, instead of providing such information at the physical store locations, the Website has been rendered an integral part of Defendant's physical store locations. Thus, the failure of that Website contained therein to be accessible to visually impaired individuals impedes visually impaired individuals (such as Plaintiff) from access to Defendant's physical store locations.

79. The ADA applies to the Defendant's Website, as the Website is a *place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress" intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

80. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

81. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

82. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

83. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access websites and electronic documents. These violations are ongoing.

84. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

84. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Mahlberg injunctive relief; including an order to:

a)      Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the https://www.norkinas.com website's being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made.  Title III American with Disabilities Act Part 36 Regulation.

b)      Require Defendant to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for

purposes of viewing and locating NORKINAS stores and becoming informed of and signing up for NORKINAS shopping for NORKINAS merchandise online, and of viewing electronic documents provided to the public within Defendant's Website. During that time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36 Regulation.

85. For all of the foregoing, the Plaintiff has no adequate remedy at law.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff RAYMOND T. MAHLBERG hereby demands judgment against Defendant "NORKINAS" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a Declaratory Judgment that determines that the Defendants' website **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendants to continually update and maintain their computer version of the defendant's website and NORKINAS's website to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Order for Defendants to continuously monitor and maintain their computer website to ensure that it is readily accessible to and usable by persons with vision impairment;

d. That the Court issue an Order directing Defendants to alter their website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

e. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f. That the Court enter an Order directing Defendants to continually update their website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

Respectfully submitted,

Dated this 14th day of November 2019.

> *s/Acacia Barros*
> Attorney for Plaintiff
> ACACIA BARROS, P.A.
> Acacia Barros, Esq.
> FBN: 106277
> 11120 N. Kendall Dr., Suite 201
> Miami, Florida 33176
> Tel: 305-639-8381
> ab@barroslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November 2019 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.