UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-cv-24669

RAYMOND T. MAHLBERG,

    Plaintiff,

v.

SPANISH CONNECTION LLC d/b/a NORKINAS,

    Defendant.

_____/

### CONSENT DECREE

This Consent Decree (this "Agreement") is made and entered into by and between Raymond T. Mahlberg ("Plaintiff"), and Spanish Connection LLC LLC d/b/a Norkinas . ("Defendant") (collectively referred to as the "Parties"). This Agreement is made as a compromise between the Parties for the complete and final settlement of their claims, differences, and causes of action with respect to the dispute described below.

### INTRODUCTION

1. On November 12, 2019, Plaintiff asserted claims for injunctive relief against Defendant, based upon purported violations of Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. 2201 and 2202 as well as 2010 ADA Standards, relating to Defendants' website https://Norkinas.com/ (the "Website").

2. Defendant denies that the Website is in violation of the law. Nonetheless, the Parties desire to compromise and fully and finally resolve and settle all actual and potential claims or litigation between them, to avoid the uncertainty, time and expense that would accompany such litigation.

### JURISDICTION

3. The Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC§ 12101 et seq.

### INJUNCTIVE RELIEF

4. Within eighteen (18) months of the Effective Date (defined below) Defendant shall:

    a) Improve the accessibility of its Website for visually impaired and legally blind users. Defendant shall use the Web Content Accessibility Guidelines 2.0 ("WCAG 2.0") Level A and AA as a guideline in making the Website accessible. In doing so, Defendant shall consult with an ADA expert and/or consultant;

    b) Once it improves accessibility, Defendant shall continually update and maintain its Website in a compliant condition. Specifically, Defendant shall ensure its Website remains fully accessible in accordance with WCAG 2.0; and

    c) Conduct periodic self-audits to ensure the Website remains in compliance with WCAG 2.0.

5. Within fifteen (15) days of receipt of written notice from Defendant that Defendant has made the Website accessible in accordance with WGAG 2.0, Plaintiff shall, using its own expert and/or consultant and at no charge to Defendant, either (i) provide written confirmation that the Website is accessible in accordance with WCAG 2.0 or (ii) provide a detailed list of further corrections needed to the Website to make it accessible in accordance with WCAG 2.0. In addition, to the extent that Plaintiff and/or his experts, consultants or professionals are aware of any other legal compliance issues relating the Website (whether ADA or non-ADA related), Plaintiff shall promptly inform Defendant of such compliance issues.

6. The injunctive relief set forth in this Section may be enforced by Plaintiff and by any other similarly-situated individual.

## ATTORNEY'S FEES AND COSTS

7. Defendant agrees to pay Plaintiff the total amount agreed upon set forth in the Parties' Confidential Addendum executed between the Parties separately from this Consent Decree. Except as expressly set forth in the Confidential Addendum, each Party shall be responsible for payment of his or its own litigation expenses, costs and attorneys' fees.

## ENTIRE CONSENT DECREE AND ORDER

8. This Consent Decree and Order, together with the Confidential Addendum referenced above, constitutes the entire agreement between the Parties on the matters of injunctive relief and damages, attorneys' fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

## RELEASE OF CLAIMS

9. For and in consideration of the promises, commitments and undertakings set forth in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on behalf of himself and any of his agents, representatives, assigns, heirs,

creditors, trustees, executors, professionals, experts, consultants, administrators, and successors (collectively "Releasing Persons"), shall be deemed to have jointly and severally forever released and discharged Defendant, together with Defendant's affiliates, subsidiaries, parent corporations, divisions, successors, assigns, Insurers, and related entities; their past, present, and future officers, directors, owners, and employees (collectively, the "Released Parties"), from any and all claims, demands, liabilities, debts, judgments, expenses, actions, causes of action and suits of any kind whatsoever, for reimbursement of attorneys' fees, costs, expert fees, litigation expenses, and cost including compensatory, punitive, and any other damages, if any, incurred by the Releasing Persons, whether at law or in equity, whether now known or unknown, have or may have had, or hereafter claim to have against the Released Parties at any time prior to the Effective Date (the "Released Claims"). The Released Claims shall include, without limitation, any claims relating to or arising in connection with the Website.

10. Plaintiff further covenants and agrees not to bring any claim, action, suit, or proceeding against any Released Parties regarding the matters settled and released pursuant to this Agreement, including, but not limited to, any claim, action, suit, or proceeding raised or that could have been raised up to the effective date of this Agreement relating to the Website to the extent permitted by Florida law, federal law and/or the Florida Rules of Civil Procedure.

11. For the purpose of implementing a full and complete release and discharge and covenant not to sue, Plaintiff expressly acknowledges that the releases provided in this Agreement are intended to include in their effect, without limitation, any and all claims, complaints, charges or suits, including those claims, complaints, charges or suits which Plaintiff does not know or suspect to exist in his favor at the time of execution hereof, which if known or suspected, could materially affect his decision to execute this Agreement. This Agreement contemplates the extinguishment of any such claims, complaints, charges or suits. Further, Plaintiff acknowledges that Plaintiff is represented by counsel and has been specifically advised by his counsel of the consequences of the above waiver, as well as with respect to this Agreement generally.

12. Plaintiff's counsel further represents and warrants that, at the date of execution of this agreement, Plaintiff and Plaintiff's counsel are not representing any other individual(s) who have any ADA claims against Defendant. At the date of execution or this agreement, Plaintiff and Plaintiff's counsel are unaware of any potential client with ADA claims against Defendant or any of its affiliates. Nothing in this paragraph shall be construed as a restriction of such counsel's right to practice in contravention of Florida Rules of Professional Conduct.

## ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

13. This Consent Decree and Order shall be binding on Plaintiff, Defendant and any successors in interest. The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

14. Signatories on the behalf of the Parties represent and warrant that they are authorized to bind the Parties to this Consent Decree and Order and to enter into the releases set forth in this Consent Decree and Order. This Consent Decree and Order may be signed in

counterparts and a facsimile or email signature shall have the same force and effect as an original signature.

15. Each of the undersigned Parties represents and warrants that Plaintiff or it owns the claims released hereby; that no other person or entity has any interest in such claims; that Plaintiff or it has not sold, assigned, conveyed or otherwise transferred any such claim, or any other claim or demand against any person released hereby; and, that Plaintiff or it has the sole right to settle and release such claims. The undersigned represent and warrant that to the best of their information and belief, they have no knowledge of any claims held by one against the other that are not released hereby.

## **TERM OF THE CONSENT DECREE AND ORDER**

16. This Consent Decree and Order shall become effective on the date the Order is signed by the Court ("Effective Date").

17. This Consent Decree and Order shall be in full force and effect and expire by its own terms at the end of twelve (12) months from the Effective Date without further action by the Parties ("Expiration Date").

## **NOTICE**

18. All letters, notices, requests, demands and other communication required or permitted to be given to the Parties pursuant to this Agreement shall be in writing, provided by electronic mail, facsimile, or mail and addressed as follows:

For Plaintiff:
Acacia Barros, Esq.
Acacia Barros, P.A.
11120 N. Kendall Drive, Suite 201
Miami, Florida 33176
acaciabarros@hotmail.com

For Defendant:
Nancy Ojeda Goenaga
1951 NE 123rd ST
Miami, FL 33181
305-3927-4080
Email: Robmarrod@gmail.com

## SEVERABILITY

19. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

20. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

21. If Plaintiff (or any other person similarly situated) reasonably believes that Defendant has failed to comply with any term of this Agreement, the aggrieved person shall give notice (including reasonable particulars) of such violation to Defendant. Defendant must respond to such notice as soon as practicable, but no later than ninety (90) days thereafter. The parties shall negotiate in good faith in an attempt to resolve any dispute relating thereto. If after one hundred and eighty (180) days the parties are unable to reach a mutually acceptable resolution, the aggrieved person may seek court enforcement of compliance with this Agreement.

22. The Parties shall take such actions and shall execute, deliver and file or record any such document as may be reasonable or necessary to effectuate the purposes and contents of this Agreement.

Accepted and agreed to by:

PLAINTIFF

_____
RAYMOND T. MAHLBERG

Dated: 3/30/2020

SPANISH CONNECTION LLC D/B/A NORKINAS .

By: _____

Print Name: Nancy Ojeda Goenaga

Title: Defendant

Dated: 03/30/2020

5